## JOOST v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

NEGLIGENCE—OPERATION OF STREET RAILROAD—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

Where a mother left a child of three years in charge of her daughter, and the daughter left the child for a short time, and during her absence it was killed by a street car, in an action for its death a charge that if the daughter was guilty of negligence then that is chargeable to the mother, and would be her negligence, was properly refused, though the daughter's negligence would be attributable to the child.

Appeal from Trial Term, Kings County.

Action by Elizabeth Joost, an infant, by Bernhard Joost, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

I. R. Oeland, for appellant.
Samuel S. Whitehouse, for respondent.

GAYNOR, J. The deceased, a child of three years, was put in charge of her twelve year old sister by her mother to be taken out to play. She took the child into the back yard and left her playing there while she went next door for a girl companion. During the two minutes that she was gone the child went out into the street alone and was killed by one of the defendant's cars. The trial judge charged the jury that if the mother was negligent in allowing the child to go out with her sister there could be no verdict for the plaintiff, but failed to

charge that if the sister was negligent in leaving the child alone there could be no verdict for the plaintiff. Thereupon counsel for the defendant requested the court to charge that if the daughter "was guilty of negligence in failing to take care of the child properly, then that is chargeable to the mother, and would be the negligence of the mother." The refusal of the court was no error. Requests to charge are matters of strictness. They must be accurate in order to predicate error on their refusal. The negligence of the daughter would not be chargeable to the mother, or be her negligence, as this request was, although it would be attributable to the deceased child.

The judgment should be affirmed.

Judgment and order denying motion for new trial affirmed, with costs. Order granting extra allowance reversed, without costs, for want of power in the trial court to grant the same. All concur.